UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13-CV-00103-GNS-HBB

SUSAN ERICKA BRADY and
NOLAN PORTERFIELD                                                    PLAINTIFFS

v.

SAFECO INSURANCE COMPANY                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Exclude Testimony of Jason Deweese

filed by Plaintiffs Susan Ericka Brady and Nolan Porterfield ("Plaintiffs"). (Pls.' Mot. to Exclude

Test. of Jason Deweese, DN 55 [hereinafter Pls.' Mot. to Exclude]). The motion has been fully

briefed and is ripe for a decision.  For the reasons stated below, the motion is **DENIED IN**

**PART** and **RESERVED IN PART**.

## I.  SUMMARY OF FACTS AND CLAIMS

For the period of March 8, 2012, through March 13, 2013, Plaintiffs insured their home

in Bowling Green, Kentucky, through a policy issued by Safeco Insurance Company ("Safeco").

(Compl. 2). During the policy period, Plaintiffs' home sustained a covered loss under the policy.

(Compl. 2; Answer 2).

After Plaintiffs made a claim, Safeco sent claims adjuster Jason Deweese ("Deweese") to

Plaintiffs' residence to assess the damage to the roof. (Pls.' Mot. to Exclude 2). Based upon his

inspection, Deweese determined that 66 shingles needed to be replaced at a cost of $1,051.40 as

calculated by Xactimate software. (Pls.' Mot. to Exclude Ex. 2 at 3-4, DN 55-2). Subtracting

Plaintiffs' $1,000.00 deductible, Deweese concluded that the value of the claim was $51.40. (Pls.' Mot. to Exclude Ex. 2 at 4).

Plaintiffs filed this action alleging that Safeco must pay the claim amount sufficient to replace the entire roof, not just 66 shingles. (*See* Pls.' Mot. to Exclude 10-11 (arguing that the only way to comply with Kentucky's "Matching Law" is to replace the entire roof)). The only issue in this case, then, is how much Plaintiffs' claim is worth.

## II.  JURISDICTION

This Court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as is between . . . citizens of different states." 28 U.S.C. § 1332. Plaintiffs assert in their Complaint that Safeco is a foreign company doing business in Kentucky and that Plaintiffs are residents of Kentucky. (Compl. 1, DN 1-1). Safeco admits that is a citizen of New Hampshire and Massachusetts. (Notice of Removal 1, DN 1). Plaintiffs assert claims under the Unfair Claims Settlement Practices Act and the Consumer Protection Act, and also seek to recover reasonable attorneys' fees (Compl. 3-7), which provide a basis for this Court to find by a preponderance of the evidence that the amount in controversy requirement has been met. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

## III.  GOVERNING LAW

Federal Rule of Evidence 701 provides that a lay witness may testify in the form of an opinion that is "rationally based on the witness's perception," helpful to determine a fact in issue, and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Federal Rule of Evidence 702 provides that an "expert by knowledge, skill, experience, training, or education may testify in the form of an opinion" if his expertise

will be helpful to the trier of fact; "is based on sufficient facts or data; . . . is the product of reliable principles and methods; and . . . the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), tasked trial courts with "ensur[ing] that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148-49 (1999) (applying *Daubert*'s gatekeeping function to all expert testimony, not just scientific testimony).

## IV. DISCUSSION

Plaintiffs argue that Deweese's testimony must be excluded because it is unreliable for a number of reasons. (*See* Pls.' Mot. to Exclude). The first is that Deweese cannot say with any certainty how many shingles on Plaintiffs' roof had been replaced prior to the damage leading to the current claim. (Pls.' Mot. to Exclude 6-7). Plaintiffs also criticize Deweese's testimony because he does not know how the Xactimate software determines its pricing and cost estimates. (Pls.' Mot. to Exclude 7-8). Finally, Deweese did not use an alternative methodology to confirm that the Xactimate-generated numbers were comparable to reality. (Pls.' Mot. to Exclude 8-9).

Plaintiffs also argue that Deweese's testimony must be excluded because it "does not conform to Kentucky law," specifically Kentucky's "matching law."[1] (Pls.' Mot. to Exclude 10-13). Plaintiffs argue that, because Deweese's opinion is that only the 66 shingles need to be replaced, and not the whole roof, his opinion discounts the "Matching Law" and that he is thus "basically offering a legal opinion." (Pls.' Mot. to Exclude 10-11).

---

[1] Kentucky's "matching law" is an administrative regulation that provides "[i]f a loss requires replacement of items and the replaced items do not reasonably match in quality, color, or size, the insurer shall replace all items in the area so as to conform to a reasonably uniform appearance." 806 KAR 12:095 § 9(1)(b).

Safeco responds simply that Deweese is being offered as a lay person, not an expert, and that his opinions are governed by Federal Rule of Evidence 701, not 702. (Def.'s Resp. to Pls.' Motion to Exclude 2-7, DN 59 [hereinafter Def.'s Resp.]). It argues that Deweese's estimate was "based upon his personal observations while on the Plaintiffs' roof, the reports and information to which he had access as a Safeco adjuster, and his training an experience as a Safeco adjuster who handles primarily homeowner's claims." (Def.'s Resp. 4).

The Sixth Circuit has held that, in accordance with the Advisory Committee notes to the 2000 amendment to Rule 701, it is appropriate to treat "certain testimony based on particularized knowledge gained through personal experience as lay opinion . . . ." *United States v. Kerley*, 784 F.3d 327, 339 (6th Cir. 2015). For example, the Eleventh Circuit has held that using computer software to make more efficient calculations alone does not convert a lay person's testimony into expert testimony. *United States v. Hamaker*, 455 F.3d 1316, 1331-32 (11th Cir. 2006). Similarly, the Fourth Circuit has held that a lay witness may offer his opinion on the cost of a building project based on "his previous experience in the industry." *Lake Ridge Apartments, LLC v. Bir Lakeridge, LLC*, 335 F. App'x 278, 284 (4th Cir. 2009).

Given the binding and persuasive authority cited above, Deweese is not being offered as an expert witness; rather, Deweese will testify that he performed the inspection of Plaintiffs' roof as he has been taught during his career as a claims adjuster, that he plugged the numbers into a particular software routinely used for the purpose of valuing claims, and that based on the calculations of that software, he valued Plaintiffs' claim at a particular price. All of this information is based on his personal experience as a claims adjuster and as the claims adjuster as to Plaintiffs' claim in particular. According to Safeco, Deweese will not be testifying as to "generally applicable standards in the insurance industry." (Def.'s Resp. 7). Because his

testimony is based on his own experience in the industry, Deweese is properly classified as a lay witness.

Plaintiffs cite *James River Insurance Co. v. Rapid Funding, LLC*, 658 F.3d 1207 (10th Cir. 2011), in their reply for the proposition that Safeco is attempting a "end run" around the requirements of Rule 702 by classifying an expert witness as a lay witness under Rule 701. (Pls.' Reply in Supp. of Pls.' Mot. to Exclude 1-5, DN 61). That case, however, is inapposite. In *James River*, a district court admitted the testimony of one of the principals of the defendant as lay opinion regarding the value of the property in question, given his experience in real estate. *James River Ins. Co.*, 658 F.3d at 1210. In that case, the witness used his technical judgment to choose a depreciation method and account for deterioration and neglect in valuing dilapidated and destroyed property. *Id.* at 1214-15. In this case, it is the much simpler matter of a claims adjuster explaining how he arrived at the conclusion that a claim was worth a certain value. Deweese need not have any specialized technical experience or skill to inform a factfinder of how he arrived at the claim value that he did.

Safeco quite rightly points out that requiring Deweese to understand the inner workings of the Xactimate software would be synonymous with requiring him to be a software engineer, which he admittedly is not. (Def.'s Resp. 7). To require every user of any particular software to understand its inner workings and machinations before being able to testify in any sense regarding its end-user use would be extraordinarily unrealistic.

Finally, Kentucky's "matching law" is the subject of a not-yet-ripe Motion for Partial Summary Judgment filed by Safeco. (Def.'s Mem. in Supp. of Def.'s Mot. for Partial Summ. J., DN 60-1). The Court will revisit the issue of the admissibility of Deweese's testimony in light of

Kentucky's "matching law" at the time that it rules on Safeco's Motion for Partial Summary Judgment.

## V. <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exclude Testimony of Jason Deweese (DN 55) is **DENIED IN PART** inasmuch as Deweese is a lay witness pursuant to Federal Rule of Evidence 701. The motion is **RESERVED IN PART** as to 806 KAR 12:095 section 6 and its effect on the admissibility of Deweese's testimony.

**Greg N. Stivers, Judge**
**United States District Court**
August 7, 2015

cc:     counsel of record